UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS VELTEN,

        Plaintiff,

v.                                            Case No. 1:05-CV-765
                                                Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

                                 /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of one or more orders entered by the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. Rules Civ. Proc. 12(b)(1) and 12(b)(6) (docket no. 26).

        **I.**        **Background**

Plaintiff began receiving retirement benefits in 1989 at age 62. Declaration of Kay Rosen, attached to defendant's motion to dismiss. Plaintiff applied for Supplemental Security Income ("SSI") benefits on January 29, 1991. *Id.* He was found disabled and began receiving SSI in April 1991. *Id.* Plaintiff has received retirement benefits and SSI continuously since that date. *Id.* From February 1999 through June 2003, Paulette Fields ("Mrs. Fields") served as plaintiff's representative payee and his landlady. *Id.* Plaintiff commenced this suit on November 15, 2005 by filing a form complaint which requests judicial review of an adverse decision by defendant pursuant

to 42 U.S.C. § 405(g).  *See* docket no. 1.  Defendant seeks to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction under § 405(g).

### II. Discussion

### A. Legal standard

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  Plaintiff purports to bring this suit for judicial review of a Commissioner's final decision.  Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any <u>final decision of the Commissioner made after a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).  Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary [now Commissioner] made after a hearing."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The court has a duty to read a pro se plaintiff's complaint indulgently.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987).  While plaintiff's suit purports to be brought as a request for judicial review pursuant to § 405(g), he does not identify an adverse final decision.  On the contrary, the record indicates that plaintiff applied for and received SSI benefits in 1991.  The most liberal and indulgent reading of plaintiff's complaint

does not reveal a claim for judicial review of a Commissioner's final decision. An examination of plaintiff's complaint, as well as his response to a routine court order (docket no. 31), his letters (docket nos. 8, 9, 10, 12, 13, 16, 20, 22, 24, 29, 32) and his rejected pleadings (docket nos. 4, 33, 34, 36), indicate that plaintiff has a dispute with Mrs. Fields. For example, in one letter plaintiff acknowledges that he may have to sue Mrs. Fields in small claims court. *See* docket no. 24. In another letter, plaintiff has submitted a complaint listing Mrs. Fields and a clinic as co-defendants. *See* docket no. 12. While plaintiff appears to assert claims against Mrs. Fields and a clinic, such claims do not involve the judicial review of a Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Accordingly, this court lacks subject matter jurisdiction of this suit.

### III. Recommendation

I respectfully recommend that defendant's motion to dismiss for lack of jurisdiction (docket no. 26) be **GRANTED**.


Dated: September 5, 2006                /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).